**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Gerlin F.O.,

              Petitioner,

v.

Pamela Bondi, et al.,

              Respondents.

**ORDER DENYING WRIT**
**OF HABEAS CORPUS**

Civil File No. 26-1619 (MJD/DJF)

Perry Elisabeth Keziah, Mid-Minnesota Legal Aid, Counsel for Petitioner.

David W. Fuller, David R. Hackworthy, Assistant United States Attorneys, Counsel for Respondents.

This matter is before the Court on Petitioner Gerlin F.O's petition for writ of habeas corpus under 28 U.S.C. § 2241 filed on February 18, 2026. (Doc. 1.) ("Pet.")

I.     **FACTS**[1]

Petitioner Gerland F.O. is a citizen of Mexico and a resident of Sioux Falls, South Dakota who has lived in the United States since April 18, 2014. (Ex. A at

---

[1] Petitioner and Respondents largely agree on the relevant facts contained in the Petition. However, to the extent the Respondents do not contest specific factual allegations contained in the Petition, those allegations are deemed admitted. See Paula G. v. Bondi, No. 26-CV-410 (JMB/DLM), 2026 WL 146003, at *1 n.2 (D. Minn. Jan. 20, 2026) (citation omitted).  Likewise, where Petitioner does not

1

1.)[2]  Petitioner is a dedicated father and husband to his U.S.-citizen wife and their two U.S.-citizen sons, ages 8 and 10.  (Pet. ¶ 15; Doc. 8 (Reply) at 2.) Petitioner does not have a final order of removal.  (Pet. ¶ 14.)

On February 3, 2026, Petitioner was convicted of DUI-Third Offense in South Dakota and was sentenced to 180 days in jail with 170 days suspended and credit for 1 day time-served.  (Ex. B at 1.)

That same day, Department of Homeland Security ("DHS") officers lodged an Immigration Detainer – Notice of Action against Defendant and issued a Warrant for Arrest of Alien (Form I-200) for Defendant's arrest.  (Doc. 5 at 1; Ex. C (Immigration Detainer); Ex. D (Warrant).)  The detainer asked officials at the Minnehaha County Jail in Sioux Falls to notify DHS at least 48 hours prior to Petitioner's release from custody by calling ICE.  (Ex. C.)  The warrant allowed

---

dispute facts that Respondents add to the history of this case, the Court will include those in the factual narrative as necessary.

[2] All exhibits cited herein are Respondents' exhibits attached to the Declaration of David R. Hackworthy.  (Doc. 6.)  Because these are the only exhibits in the record, the Court will simply cite the exhibits as "Ex. A," "Ex. B," etc.

2

any ICE officer properly authorized under the INA to arrest Petitioner and take him into custody for removal proceedings.  (Ex. D.)

On February 10, 2026, ICE took Petitioner from the Minnehaha County Jail for approximately two hours.  (Doc. 9 (Pet. Status Update) ¶ 1.)  During that time, ICE attempted to convince Petitioner to sign what he believed was a document related to voluntary departure from the United States.  (Id.)  Petitioner was only shown the signature portion of the document, which he refused to sign.  (Id.)  After that, he was returned to the Minnehaha County Jail.  (Id.)

On February 12, 2026, Petitioner was arrested by ICE officers at the Minnehaha County Jail, apparently after he finished serving his DUI sentence.  Petitioner is currently in custody in the Kandiyohi County Jail in Willmar, Minnesota.  (Pet. ¶ 7.)

On February 12, DHS also initiated removal proceedings against Petitioner, charging that he was removable under INA § 237(a)(1)(B) because he overstayed his visa.  (Ex. E (Notice to Appear ("NTA") (stating that Petitioner remained in the United States beyond June 9, 2014 without authorization).)  DHS also issued a Notice of Custody Determination form I-286, signed by Supervisory

Detention and Deportation Officer C. Cody ("SDDO Cody" or "Cody"), stating that Cody "determined that, pending a final administrative determination in [Petitioner's] case," Petitioner would be detained by DHS. (Ex. F.) Deportation Officer Luis Tapia ("DO Tapia" or "Tapia") read the Notice to Petitioner in English. (Id.)

The Notice of Custodial Determination form contained checkboxes indicating that Petitioner acknowledged receipt of the document and that he requested review of his custody determination by an immigration judge. (Id.) The signature line states that Petitioner refused to sign the document. (Id.) Petitioner's immigration hearing was to be held on February 23, 2026 (Ex. E), although neither party has provided the Court with a status report on the outcome of that hearing. However, Respondents state that as of February 27, 2026, the date they filed their response to the petition, Petitioner had neither requested a custody redetermination nor filed an application for relief in his removal proceedings. (Doc. 5 at 2.)

## II.   DISCUSSION

A writ of habeas corpus may be granted to a petitioner who demonstrates he is in custody in violation of the Constitution or federal law. 28 U.S.C. §

4

2241(c)(3).  District courts have jurisdiction to hear habeas challenges to

immigration-related detention.  Zadvydas v. Davis, 533 U.S. 678, 687 (2001).  The

petitioner bears the burden to prove illegal detention by a preponderance of the

evidence.  See, e.g., Belsai D.S. v. Bondi, No. 25-CV-3682 (KMM/EMB), 2025 WL

2802947, at *3 (D. Minn. Oct. 1, 2025).

The parties agree that this case is governed by 8 U.S.C. § 1226(a), which

provides that "[o]n a warrant issued by the Attorney General, an alien may be

arrested and detained pending a decision on whether the alien is to be removed

from the United States."

Petitioner first argues that Respondents proffer no evidence that the I-200

warrant was served after the issuance of the NTA and argues that an I-200

warrant cannot be drawn or served until after the NTA was issued. (Doc. 8 at 6

(citing 8 C.F.R. § 236.1(b); Henry A. V. P. v. Bondi, No. 26-CV-1121 (MJD/JFD),

2026 WL 482180 (D. Minn. Feb. 11, 2026), R &R adopted, 2026 WL 482183 (D.

Minn. Feb. 20, 2026)).)  Petitioner misreads 8 C.F.R. § 236.1(b), which states that

"[a]t the time of the issuance of the notice to appear, or at any time thereafter . . .

the [noncitizen] may be arrested and taken into custody under the authority of

5

Form I-200, Warrant of Arrest."  Accordingly, as occurred here, the Petitioner could be arrested when the NTA was issued at the time of arrest under the authority of an I-200 warrant issued nine days earlier on February 3, 2026.  Henry A. V. P. can also be distinguished because in that case, the I-200 was issued on the same day the petitioner was detained and transferred to Texas and the NTA was not served on Petitioner until three days later.  2026 WL 482180, at *3.

Petitioner next asserts that because there are no time stamps on the I-200 arrest warrant and the NTA, it is impossible to know whether the docs were actually served on Petitioner prior to his being detained.  (Doc. 8 at 6-7.) Likewise, Petitioner notes that in the "method of apprehension" section of Record of Deportable Alien form, Respondents described the circumstances surrounding Petitioner's arrest but never state whether ICE served the warrant on Petitioner.  (Id. (citing Ex. A at 4).)

Contrary to Petitioner's argument, the Record of Deportable Alien states that the warrant was served on Petitioner.  (Ex. A at 3 (noting that ICE "served [Petitioner] with a Notice to Appear and I-200 warrant of Arrest").)  The document is time-stamped at 11:39 a.m. on February 12, 2026.  (Id. at 1.)  A Form

6

I-200 must be served at the time of arrest.  See Marleni S.B. v. Bondi, et al., No.

26-1707 (DWF/ECW), 2026 WL 710624, at *3 (D. Minn. Mar. 13, 2026) (citing

Alberto C.M. v. Noem, et al., No. 26-CV-380, 2026 WL 184530, at *2 (D. Minn. Jan.

23, 2026)).

In the "method of apprehension" section of the Record of

Deportable/Inadmissible Alien, DO Tapia's narrative includes the events of

February 3: encountering Petitioner in the county jail; checking DHS's database

and discovering that Petitioner had overstayed his visa; Tapia lodging the

immigration detainer; and Cody issuing the I-200 arrest warrant.  He next states

that on February 12, he identified himself to Petitioner as an ICE officer, placed

Petitioner under arrest without incident, and transported him to the ICE office in

Sioux Falls for administrative processing.  Petitioner does not point to anything

in this document that is false.  Accordingly, the Court finds Petitioner's argument

on this point to be without merit.  At worst, it appears that Petitioner was served

the warrant and the NTA contemporaneously with his arrest.  This is not one of

those cases the Court has become all-too-familiar with wherein a petitioner is

picked off the street in a flurry of masked and armed agents.  To the contrary,

7

Petitioner's arrest appears to be the kind of apprehension that the government has been doing in the regular course of business for years based on a visa overstay by someone who has now called attention to himself by demonstrating that he is a danger to the community by driving drunk on three different occasions. Without more, Petitioner simply has not met his burden on this issue. See Belsai D.S., 2025 WL 2802947, at *3.

Finally, Petitioner argues that the warrant in this case was not properly served by a qualified ICE officer and therefore, he must be released. (Doc. 8 at 8-9.) He asserts that Respondents offer no evidence that SDDO Cody and DO Taipa have been trained in accordance with 8 C.F.R. § 287.5(e)(3), which requires officers serving and executing arrest warrants to have "successfully completed basic immigration law enforcement training." Petitioner cites public scrutiny following ICE killings of two Minnesota citizens during Operation Metro Surge that highlighted lack of training for new ICE recruits. (Id. at 8.) This argument is unavailing. See Fernando C. C. v. Bondi, No. 26-CV-1235 (LMP/JFD), 2026 WL 446408, at *5 (D. Minn. Feb. 17, 2026) (holding that a warrant issued by an SDDO is valid, absent further evidence that the warrant is false or inauthentic).

Petitioner has not met his burden to demonstrate that habeas relief is warranted based on improper service.  Belsai D.S., 2025 WL 2802947, at *3.

## III.    ORDER

Based upon the files, records, and proceedings herein, **IT IS HEREBY**

**ORDERED:**

1. Petitioner Gerlin F.O.'s petition for writ of habeas corpus **[Doc. 1]** is **DENIED**; and

2. The petition is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 23, 2026                         s/Michael J. Davis
                                               Michael J. Davis
                                               United States District Court

9